Chittenden, J.
This is an action to restrain the certifying of certain ditch assessments to the county auditor on the ground that certain items included in the assessments are excessive and illegal.
The trustees of Millcreek township located a township ditch, with certain branches, aggregating in length approximately three miles. John Mattoon was employed by the trustees as the engineer to locate, level and measure the course of the ditch, to prepare plans and specifications therefor, to supervise and inspect the construction of the ditch and accept the same for the trustees. The bill of Mr. Mattoon approved by the township trustees contained an item of forty and one-half days at $4 per day for surveying and leveling and making a report to the trustees, amounting to $162. It is conceded that this total is not correct for the reason that the statute limits the amount of compensation that may be made by township trustees to engineers engaged in township ditch work to $4 a day for field work and $3 per day for inside work. The evidence in the case shows that 11 days were spent in the field and 29 J4 days in the office. Therefore, the bill should be corrected in this respect by computing the office work at $3 per day instead of $4 per day. The bill also contains an item of expense while engaged in the field work, of $4.50. We find no statutory authority for the allowance of this item and it will, therefore, be excluded.
The principal item in controversy is one of $128, being the amount charged by the engineer for the supervision of the construction of 32 working sec *58 tions of the ditch, allowing one day to each section. It is earnestly argued that there is no authority whatever for the allowance of pay for such services. The question as to the validity of the item must largely hinge upon a proper construction of Section 6612, General Code, which defines the duties of the trustees and empowers them to employ an engineer. So far as the section relates to the question here involved, it reads as follows:
“The trustees may employ an engineer to locate, level, and measure the course of such ditch, and such other assistance as they need.”
Some light is thrown upon the section from which the above quotation is taken by Section 6619, General Code, which provides the fees to be paid officers and others in the locating and establishing of township ditches. This section provides that engineers -may be paid $4 per day for locating, and $3 per day for making plat, profile and specifications. It is to be observed that the latter section provides pay for the making of a plat, profile and specifications, although Section 6612 does not specifically authorize the trustees to employ an engineer for that purpose.
The ditch laws were enacted for the purpose of securing a systematic and proper drainage of the country, and it is evident that it was intended by the legislature that the work should be conducted by the trustees with such engineering aid as should be necessary to carry into practical and successful effect the project of drainage in a given territory and to equitably assess the cost thereof. The drainage of a locality is essentially an engineering problem and is so recognized by the legislative *59 enactments. Section 6612, as quoted, indicates the legislative recognition of this statement, in making provision for the employment of an engineer. In that section the legislature specifies the principal things to be done by the engineer, to-wit, level and measure the course of such ditch, and it being a matter of common knowledge that other engineering assistance may be needed it is by that section wisely left to the discretion of the trustees to employ such engineer to render “such other assistance as they need.” The object to be attained by this legislation makes, it manifest that this section should be read as though it contained the word “render” immediately preceding the word “such,” so that the section would read: “The trustees may employ an engineer to locate, level, and measure the course of such ditch and render such other assistance as they need.” We can see no other construction of this section consistent, with the purpose for which the section was enacted. When so construed it furnishes ample authority for the board of trustees of the township, upon whom the duty of providing for proper drainage is imposed, to efficiently and in a businesslike manner discharge the duties thus .cast upon them. This construction in no way deprives the township trustees of the power to employ axemen and chain-men to assist the engineer. The power to employ such assistants is clearly implied from Section 6619, General Code, which fixes the compensation of such employes, and furthermore such assistants to the engineer are but necessary incidents to the work that he is employed to do.
*60 Certainly it would be inexcusable upon the part of the trustees to apportion the construction of a ditch and branches having a length of three miles, and then to permit its construction without giving it supervision or inspection to make sure that the plans and specifications were complied with. The construction would involve the independent labor of many different people on the various sections, and supervision and inspection of such work are quite necessary in order that the completed ditch shall answer the purpose for which it is designed. If such inspection had been made by the ' trustees they would, under the statute, have been allowed $1.50 each per day, or a total of $4.50, for making this necessary inspection, and it is self-evident, therefore, that by employing the engineer in question, who is conceded to be expert in this line of work, not only was scientific and expert inspection and supervision secured, but it was secured at a less expense to the land owners than would be an inspection by the trustees themselves.
The record further discloses that all that was done in respect to the hiring of the engineer was in the presence of and with the knowledge of the plaintiffs in this case, and that it was done without any protest upon their part. The bill for services was presented to the township trustees and was approved by them at a meeting at which the evidence shows the plaintiffs were present, and they interposed no objection thereto. In view of these facts it is difficult to see how the plaintiffs have the right to appear in a court of equity and ask the extraordinary writ of injunction to restrain *61 the certifying of the bill, at least in so far as the work has been performed.
It is further claimed that even if the services were such that the trustees might legally pay for them, they are excessive; that the work should have been performed in much less time than that for which the charge is made. The duty of determining the correctness of the bill is by law devolved upon the trustees of the township. The courts of this state are not authorized to, and ought not, interfere with the action of tribunals selected by the legislature to perform certain duties, unless it is made apparent to the court that the action of such board or tribunal is such as to amount to fraud or bad faith or a gross abuse of the judicial discretion reposed in such board or tribunal. This principle of law is so thoroughly established that it is unnecessary to cite authorities. The petition does not allege any bad faith upon the part of the trustees, but only that they have been guilty of gross negligence in allowing the bill of the engineer for the amount stated therein. The burden of proof is upon the plaintiffs to show such an abuse of discretion as would justify the interference of a court of equity. We find that the evidence of the plaintiffs falls very far short of establishing any such state of facts as would justify an interference on the part of this court with the action of the trustees.
Finding, therefore, as we do, that there is statutory authority for employing an engineer to supervise and inspect the work, the allowance made by the trustees should be corrected by eliminating *62 therefrom the item of $4.50 for expense of the engineer, and $29.50, the amount of the excess charge for 'making plans and specifications, as hereinbefore stated. The apportionment should be modified as above indicated, and the defendants will be enjoined from certifying anything in excess of that amount.
Judgment, accordingly.
Richards and Kinkade, JJ., concur.